UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA
MIAMI DIVISION

MIGUEL VASQUEZ,

      Plaintiff,

                                  CASE NO.:

vs.

FLORIDA HIGHWAY PATROL
a/p/o FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND
MOTOR VEHICLES

      Defendant.

_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Miguel Vasquez sues Defendant Florida Highway Patrol, a subdivision of the State of Florida, and alleges:

### **NATURE OF ACTION**

1.    This is an action against the Defendant for willfully violating Title I of the Americans with Disabilities Act (ADA); and the Florida Civil Rights Act (FCRA), as amended (Florida Statutes §760.10) by unlawfully discriminating on the basis of disability .

### **JURISDICTION**

2.    This Court has jurisdiction of this action by virtue of 29 U.S.C. §626; and 28 U.S.C. §§ 1331 and 1343.

3.    This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper within this district pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

5.      Plaintiff Miguel Vasquez is a qualified individual with a disability who resides in Miami-Dade County, Florida.

6.      The Defendant, Florida Highway Patrol, is a subdivision of the State of Florida doing business in Miami-Dade County, Florida.

7.      Defendant regularly employs more than twenty (20) employees and was Plaintiff's "employer" as contemplated by the ADA and FCRA at all times material.

8.      The Plaintiff is an "aggrieved person" as contemplated by Florida Statutes §760.02(10), at all times material.

## COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

9.      Plaintiff has timely complied with all legally required administrative prerequisites prior to the filing of this action.

10.     Specifically, Plaintiff timely filed a Employment Complaint of Discrimination with the Florida Commission on Human Relations, Charge Number 200902048, on or about June 12, 2009. A copy of Plaintiff's Employment Complaint of Discrimination is attached as Exhibit 1.

11.     Plaintiff''s complaint of discrimination was "dually filed" pursuant to the work-share agreement between the the Florida Commission on Human Relations (FCHR), and the U.S. Equal Employment Opportunity Commission (EEOC) as "[p]ursuant to EEOC Regulation 29 C.F.R. § 1626.10(c), the filing of a charge with one agency is deemed to be a filing with both the

state agency and the EEOC." Cox v. Sears Roebuck and Co., 8 Fla.Law.W.Fed.D 113 M.D. Fla. 1994), affirmed, 69 F.3d 550 (11th Cir. 1995).

12.     The EEOC assigned charge number 15D-2009-00658 to Plaintiff's charge, and upon closing its investigation, issued Plaintiff a Notice of Right to Sue letter dated July 19, 2010. A copy of the Notice of Right to Sue letter is attached as Exhibit 2.

13.     Notice, pursuant to §786.28, Florida Statutes, was sent to both the Florida Department of Insurance and Defendant Florida Highway Patrol on May 18, 2010.  (Exhibits 3 and 4, respectively).

## ALLEGATIONS OF DISCRIMINATION

14.     Plaintiff was employed by Defendant from on or about September 30, 2007 to on or about March 31, 2009.

15.     Plaintiff was hired by Defendant for the position of State Trooper.

16.     At all times material to this action, Plaintiff was qualified to perform the essential functions and duties of his job, and Plaintiff consistently performed his job duties satisfactorily or better.

17.     On or about November 7, 2008, Plaintiff was injured while working an off duty construction detail providing traffic control when his patrol vehicle was struck by a drunk driver at a high rate of speed.

18.     Plaintiff suffers from a back impairment that substantially limits his ability to perform a number of major life activities, including but not limited to walking, lifting, working

moving heavy objects, and driving, and as such, Plaintiff is a qualified individual with a disability.

19.     Defendant, including but not limited to Plaintiff's superiors and/or managers in Plaintiff's workplace, was subjectively and objectively aware of Plaintiff's injuries and qualified disability.

20.     On September 9, 2008, February 4, 2009 and March 4, 2009, Plaintiff received strong positive commendations for his work performance from Defendant via Captain Marshall Davies.

21.     On or about March 19, 2009, Plaintiff submitted to Defendant a letter from Dr. Philippe E. Mazure, Chiropractic Physician, wherein he states "The patient was told to avoid any activities that may aggravate his ongoing musculoskeletal complaints that included work duties as well."

22.     Dr. Mazure's statement, submitted by Plaintiff to Defendant, requested a reasonable accommodation under the meaning of the ADA.

23.     On or about March 20, 2008, Plaintiff submitted a request from physician Ramon Castellano M.D. to Defendant, which explicitly requested "modified duty with frequent change in position, no prolong [sic] sitting and not wearing a belt or any device around lower back".

24.     Dr. Castellano's statement, submitted by Plaintiff to Defendant, requested a "reasonable accommodation" under the meaning of the ADA.

25.     Defendant failed to respond to Plaintiff's requests and failed to provide a reasonable accommodation. Instead, Defendant terminated Plaintiff's employment pursuant to a letter dated March 31, 2009, which Plaintiff received on April 2, 2009.

## COUNT I
## VIOLATIONS OF TITLE I OF THE ADA

26.     Plaintiff realleges paragraphs 1-25.

27.     Plaintiff suffers from a physical disability that substantially limits one of more of his major life activities.

28.     Plaintiff was able to perform the essential functions of his job while employed by Defendant, and with reasonable accommodation, could have performed the frequent rearrangement of the store pursuant to Defendant's demands.

29.     Plaintiff requested a reasonable accommodation from Defendant.

30.     Defendant discriminated against Plaintiff on the basis of his disability by failing to provide a reasonable accommodation and instead terminating Plaintiff's employment.

31.     Defendant discriminated against Plaintiff on the basis of his disability in violation of Title I of the ADA. As a result of the unlawful acts of the Defendant, Plaintiff has suffered substantial damages.

WHEREFORE, pursuant to Title I of the ADA, Plaintiff demands judgment against Defendant for his past lost earnings and fringe benefits, his future lost earnings and fringe benefits, and damages for the value of his diminished earning capacity so that he can be made whole, as well as his reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT

32.     Plaintiff realleges paragraphs 1-25.

33.     Plaintiff is a qualified individual with a "handicap" under the meaning of the Florida Civil Rights Act, §760.10, Florida Statutes.

34.     The acts complained of constitute discrimination against the Plaintiff, in violation of the Florida Civil Rights Act, §760.10, Florida Statutes.

35.     Plaintiff has incurred substantial economic and other losses because of the Defendant's unlawful conduct in violation of the Florida Civil Rights Act, §760.10, Florida Statutes.

36.     Plaintiff has also suffered mental anguish, loss of dignity, and other intangible injuries because of the Defendant's unlawful conduct. Those losses are continuing in nature.

37.     Plaintiff further alleges that Defendant's acts of discrimination were performed with malice, ill will, and/or reckless indifference to Plaintiff's protected rights.   §760.11(5), Florida Statutes, provides that punitive damages may be awarded to a prevailing Plaintiff and that the provisions and limitations of §§ 768.72 and 768.73, Florida Statutes, do not apply to this action.

WHEREFORE Plaintiff demands judgment for damages against Defendant for his past lost earnings and fringe benefits. Plaintiff further demands damages for mental anguish, loss of dignity, and other intangible injuries and punitive damages as allowed by the FCRA. Plaintiff also demands all pre- and post- judgment interest allowable, together with costs (including ex

pert costs) and reasonable attorney's fees pursuant to §760.11(5), Florida Statutes, and all other relief allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 15th day of October 2010.

Respectfully submitted,

Peggy A. Underbrink
Attorney for Plaintiff
Florida Bar No. 599107
P.O. Box 2076
Jensen Beach, FL 34958-2076
Telephone 888-811-0391
Facsimile  888-898-3840
peggyunderbrinklaw@mac.com

# FLORIDA COMMISSION ON HUMAN RELATIONS
2009 Apalachee Parkway, Suite 200, Tallahassee, Florida 32301

## EMPLOYMENT COMPLAINT OF DISCRIMINATION

Date Stamp (FCHR Use Only)

| A. PERSONAL INFORMATION | FCHR No.   200902048   MS | |
|---|---|---|
| Name Mr. Miguel Vasquez | E-Mail Address | Date of Birth |
| Mailing Address 2921 SE 12th Road | Home Telephone Number (area code) 646-316-4796 | |
| City, State, and Zip Code Homestead, FL 33035 | Work (if possible to call you there) | |

| B. BUSINESS INFORMATION (employer, labor organization, employment or government agency, etc.) | | |
|---|---|---|
| Name Florida Highway Patrol | Number of Employees 15+ | Telephone Number |
| Street Address (Branch/Office in Florida) Troop E - Miami District | City, State and Zip Code Miami, FL 33172 | County Miami-Dade |

| C. CAUSE OF DISCRIMINATION BASED ON – Check appropriate box(es) | DATE MOST RECENT DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ DISABILITY/HANDICAP<br>☐ NATIONAL ORIGIN   ☐ AGE   ☐ MARITAL STATUS   ☐ RETALIATION | (month, day, year)   4-2-09 |

**D. DISCRIMINATION STATEMENT:**

I believe I have been discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act as applicable for the following reason(s):

I am an individual with a disability. I was denied a reasonable accommodation and terminated because of my disability. I was employed with the Florida Highway Patrol from September 30, 2007 to March 31, 2009. On or about November 7, 2008, I was injured while working an off duty construction detail. My employer was aware of my disability. On or about March 20, 2009 I submitted a request for a reasonable accommodation. I did not receive a response to my request. On April 2, 2009. I received a letter dated March 31, 2009 stating I was terminated.

I REQUEST TO BE AFFORDED FULL RELIEF TO WHICH I AM ENTITLED TO UNDER THE LAW(S).

**E. VERIFICATION.** Under penalties of perjury, I declare that I have read the foregoing complaint of discrimination and that the facts stated in it are true. I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my complaint in accordance with their procedures.

| SIGNATURE OF COMPLAINANT | DATE |
|---|---|
| | 6/12/09 |

FCHR Charge Form – Revised April 22, 2004

Ex. 1

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Miguel Vasquez<br>2921 SE 12th Road, Unit 201<br>Homestead, FL 33035 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2009-00658 | Rosemary Caddle,<br>Investigator | (305) 808-1758 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

**Delner Franklin-Thomas,**
**Acting District Director**

JUL 19 2010

EEOC Miami District Office

*(Date Mailed)*

Enclosures(s)

cc:  FLORIDA HIGHWAY PATROL
Douglas D. Sunshine, Esq
2900 Apalachee Pkwy
Tallahassee, FL 32399

Charging Party Representative ✓
Peggy Underbrink, P.A.
P.O. Box 2076
Jensen Beach, FL 34958

Ex. 2

# Peggy A. Underbrink, P.A.

**ATTORNEY AT LAW**
Admitted to practice in:
Florida
Washington
U.S. District Court for the Southern District of Indiana

P.O. Box 2076
Jensen Beach, FL 34958

Tel. 888-811-0391
Fax 888-898-3840

Email peggyunderbrinklaw@mac.com
Web   www.underbrinklaw.com

May 18, 2009

Certified Return Receipt # 7008 3230 0000 6490 8695

Department of Insurance
Bureau of Consumer Assistance
200 East Gaines Street
Tallahassee, FL 32399

Re:   My Client:      Miguel J. Vasquez
      SS#:            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
      DOB:            02/12/1986

To Whom It May Concern:

I represent Miguel J. Vasquez. In accordance with Section 768.28(6), Florida Statutes, I present the following:

**Claimant:** **Miguel J. Vasquez**
**SSN:** **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**
**DOB:** **02/12/1986**
**Place of Birth:** **Bronx, New York, USA**
**Date of Incident:** **03/31/2009**
**Type of Incident:** **Wrongful Termination of Employment**
**Location:** **Florida Highway Patrol, Miami, Florida**

Please be advised that the claimant is not aware of any prior adjudicated unpaid claim in excess of $200.00 owed by the claimant to the state, its agency, officer or subdivision. Should you feel any additional information is necessary in order to meet this or any other statutory requirement, please contact me as soon as possible.

Sincerely,

Peggy A. Underbrink

cc. Client

Ex. 3

# Peggy A. Underbrink, P.A.

### ATTORNEY AT LAW
Admitted to practice in:
Florida
Washington
U.S. District Court for the Southern District of Indiana

P.O. Box 2078
Jensen Beach, FL 34958

Tel. 888-811-0391
Fax 888-898-3840

Email  peggyunderbrinklaw@mac.com
Web    www.underbrinklaw.com

May 18, 2009

Certified Return Receipt # 7009 0080 0001 2540 4819

Colonel John T. Czernis, Director
Florida Highway Patrol
2900 Apalachee Parkway
Tallahassee, FL 32399-0900

Re:   My Client:        Miguel J. Vasquez
      SS#:              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
      DOB:              02/12/1986

Dear Colonel Czernis:

I represent Miguel J. Vasquez.  In accordance with Section 768.28(6), Florida Statutes, I present the following:

| | |
|---|---|
| **Claimant:** | **Miguel J. Vasquez** |
| **SSN:** | **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** |
| **DOB:** | **02/12/1986** |
| **Place of Birth:** | **Bronx, New York, USA** |
| **Date of Incident:** | **03/31/2009** |
| **Type of Incident:** | **Wrongful Termination of Employment** |
| **Location:** | **Florida Highway Patrol, Miami, Florida** |

Please be advised that the claimant is not aware of any prior adjudicated unpaid claim in excess of $200.00 owed by the claimant to the state, its agency, officer or subdivision.  Should you feel any additional information is necessary in order to meet this or any other statutory requirement, please contact me as soon as possible.

Sincerely,

Peggy A. Underbrink

cc.  Client

Ex. 4